# EXHIBIT A

Case 2:20-cv-11553-DSF-E Document 1-1 Filed 12/22/20 Page 2 of 10 Page ID #:10

Electronically FILED by Superior Court of California, County of Los Angeles on 10/21/2020 11:34 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
20STCV40400

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Ruth Ann Kwan

LAW OFFICES OF BUCHSBAUM & HAAG, LLP
BRENT S. BUCHSBAUM, SBN#194816
brent@buchsbaumhaag.com
LAUREL N. HAAG, SBN#211279
laurel@buchsbaumhaag.com
100 Oceangate, Suite 1200
Long Beach, CA 90802
Tel: (562) 733-2498
Fax: (562) 628-5501

Attorneys for Plaintiff
BETTY REED

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

BETTY REED, an individual,

    Plaintiff,

vs.

WALMART STORES, INC, a Corporation; and DOES 1-10, Inclusive,

    Defendants.

Case No.: 20STCV40400

**COMPLAINT FOR:**

(1) DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA
(2) FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA
(3) FAILURE TO ENGAGE IN GOOD FAITH INTERACIVE PROCESS IN VIOLATION OF THE FEHA
(4) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**JURY TRIAL DEMANDED**

- 1 -
COMPLAINT

Plaintiff Betty Reed ("Plaintiff") complains and alleges as follows:

## FACTUAL OVERVIEW

1. Plaintiff began working at a WALMART STORES, INC. ("WALMART") in Long Beach in June of 2016. Initially, she was an asset protection host, checking receipts for people exiting the store. She had restrictions for a back disability, which required her to sit as long as she needed to relieve pain. When a new Store Manager came in June of 2017 (Alexis) she didn't like that plaintiff was sitting. Plaintiff explained that it was due to her disability and that she had a job accommodation approved. The Store Manage then checked with the Human Resources Department and found out the accommodation was expired, although it had been approved and found reasonable earlier. Plaintiff got a new note from the doctor, but this time WALMART wouldn't accommodate her, which not only violated her reasonable accommodation rights but also violated her "suitable seating" rights under the applicable Industrial Welfare Commission Wage Order. Without explanation or any valid basis, WALMART wanted plaintiff to be standing throughout the shift.

2. WALMART first moved her to cosmetics, but plaintiff ended up injuring herself due to having to repeatedly get up and down and due to repetitive use of fine manipulation of her fingers, which included opening and closing the cosmetics cabinet with a key dozens of times each shift. She felt her back was deteriorating and asked for accommodation. This time they sent her to the back of the store, where shoplifters would sometimes escape. She was there about a week, and then the company fired her without explanation.

3. Thereafter, plaintiff filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC engaged in a detailed and lengthy investigation of what had occurred to plaintiff and determined that WALMART had violated the law with regard to its duty to accommodate plaintiff and to refrain from discriminating against her on the basis of her disability. The EEOC elected not to prosecute WALMART directly and on September 10, 2020,

issued plaintiff a Right-to-Sue letter. Plaintiff has also exhausted her administrative remedies with the California Department of Fair Employment and Housing, and her Right-to-Sue was tolled during the EEOC's investigation.

## GENERAL ALLEGATIONS

4. Plaintiff Reed was at all relevant times an individual residing in the County of Los Angeles, State of California.

5. Defendant WALMART is a Corporation doing business in the County of Los Angeles, State of California.

6. The true names and capacities of the DOE Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants CVS and DOE defendants are hereafter collectively referred to as "Defendants."

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Disability Discrimination – Disparate Treatment [Cal. Gov. Code § 12940(a)]**

**(By Plaintiff Against All Defendants)**

8. Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

9. At all times herein mentioned, California Fair Employment and Housing Act Government Code §§ 12940, *et seq.* ("FEHA"), was in full force and effect and was binding on Defendants. Plaintiff was, at all times material hereto, an employee covered by the provisions and

protections of the FEHA. These sections require Defendants to refrain from discriminating any employee on the basis of disability or medical condition, or because an employee was associated with someone with a disability.

10. The foregoing conduct by Defendants violates the FEHA, Government Code § 12940(a), which provides that discrimination of employees on the basis of disability, or association with someone with a disability is an unlawful employment practice. The discrimination by Defendants of Plaintiff based on her disability violates Government Code § 12940(a).

11. Plaintiff's disabilities were a substantial motivating factor in Defendants' decisions to change her conditions of employment and ultimately terminate Plaintiff. Such discrimination violates Government Code § 12940(a) and has resulted in damage to Plaintiff.

12. As a legal result of the discrimination of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all causing her damages in an amount to be determined at trial and according to proof.

13. As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff suffered substantial harm. Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

14. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to Government Code §§12940, *et seq.*, and/or other applicable law, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees.

15. The acts of Defendants alleged above were done maliciously and/or oppressively. The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

16.

## SECOND CAUSE OF ACTION

**Disability Discrimination – Failure to Reasonably Accommodate [Cal. Gov. Code § 12940(m)]**

**(By Plaintiff Against All Defendants)**

17. Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

18. At all times herein mentioned, California's Fair Employment and Housing Act Government Code §§ 12940, *et seq.* was in full force and effect and was binding on Defendants. Plaintiff was, at all times material hereto, an employee covered by the provisions and protections of the FEHA. These sections require an employer to provide reasonable accommodation to an employee with a known disability, pursuant to Government Code § 12940(m).

19. Plaintiff provided notice to Defendants of her disability and/or medical condition, which gave rise to the employer's duty to provide reasonable accommodation to Plaintiff concerning her disability.

20. Defendants failed to provide reasonable accommodation as required by Government Code § 12940(m) and instead Defendants summarily terminated Plaintiff's employment as a result of her disability rather provide her a reasonable leave pursuant to her doctor's request.

21. The foregoing conduct violates the Fair Employment and Housing Act, Government Code § 12940(m), which provides that the failure to provide reasonable accommodation to an employee with a known disability is an unlawful employment practice.

22. As a legal result of the discrimination of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all causing her damages in an amount to be determined at trial and according to proof.

23. As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff suffered substantial harm. Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

24. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to Government Code §§12940, *et seq.*, and/or other applicable law, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees.

25. The acts of Defendants alleged above were done maliciously and/or oppressively. The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

///

## THIRD CAUSE OF ACTION

**Disability Discrimination – Failure to Engage in the Interactive Process [Cal. Gov. Code § 12940(n)]**

**(By Plaintiff Against All Defendants)**

26. Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

27. At all times herein mentioned, California's Fair Employment and Housing Act Government Code §§ 12940, *et seq.* was in full force and effect and was binding on Defendants. Plaintiff was, at all times material hereto, an employee covered by the provisions and protections of the FEHA. These sections require an employer to provide reasonable accommodation to an employee with a known disability, pursuant to Government Code § 12940(n).

28. Plaintiff provided notice to Defendants of her disability and/or medical condition, which gave rise to the employer's duty to provide reasonable accommodation to Plaintiff concerning her disability.

29. Defendants failed to engage in a good faith interactive process with Plaintiff in many instances as required by Government Code § 12940(m), and instead Defendants summarily terminated Plaintiff's employment as a result of her disability, rather than provide her a reasonable

accommodation pursuant to her doctor's request, all without properly engaging in the interactive process.

30. The foregoing conduct violates the Fair Employment and Housing Act, Government Code § 12940(m), which provides that the failure to provide reasonable accommodation to an employee with a known disability is an unlawful employment practice.

31. As a legal result of the discrimination of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all causing her damages in an amount to be determined at trial and according to proof.

32. As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff suffered substantial harm. Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

33. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to Government Code §§12940, *et seq.*, and/or other applicable law, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees.

34. The acts of Defendants alleged above were done maliciously and/or oppressively. The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

## CAUSES OF ACTION

### FOURTH CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**(By Plaintiff Against all Defendants)**

35. Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

36. It is a violation of substantial California public policy to discriminate against an employee because of his or her disability, or in retaliation for taking a protected medical leave of absence. See Government Code §12940(a)(h).

37. Plaintiff was discharged because of her disability and requests for accommodation.

38. The foregoing conduct by Defendants violates substantial public policies of the State, and was a substantial factor in causing plaintiff harm, including the termination of her employment, emotional distress, personal injury, loss of benefits and other associated damage, in an amount to be determined at trial and according to proof.

39. The acts of Defendants alleged above were done maliciously and/or oppressively. The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1. General and compensatory damages;
2. Wages and applicable statutory penalties;
3. Prejudgment interest;
4. Attorneys' fees and costs reasonably incurred; Government Code 12965
5. Punitive and/or exemplary damage;
6. Such other relief that the Court deems proper.

Dated: October 20, 2020

BUCHSBAUM & HAAG, LLP

By: /s/ Brent S. Buchsbaum

Brent S. Buchsbaum
Attorney for Plaintiff, BETTY REED

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated: October 20, 2020

BUCHSBAUM & HAAG, LLP

By: /s/ Brent S. Buchsbaum

Brent S. Buchsbaum
Attorney for Plaintiff, BETTY REED